IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE |
| CAROL SINIARD, as surviving Spouse and Executor of the Estate to JOHN RAYMOND SINIARD, deceased, BRANDON CHARLES CONFORTI and GREAT AMERICAN CONSTRUCTION COMPANY, | ) ) ) ) ) ) ) ) ) | NO. 1:11CV04567-AT |
| Defendants. | ) | |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Allstate Insurance Company ("Allstate"), by and through its undersigned counsel of record, and pursuant to Federal Rule of Civil Procedure 56, hereby files this its Reply Brief in Support of its Motion for Summary Judgment, showing the Court that there are no genuine issues as to any material fact with respect to the coverage issues related to Defendant Brandon Charles Conforti ("Brandon Conforti"), and that Plaintiff is, therefore, entitled to

–1–

judgment as a matter of law in its favor.  In support thereof, Allstate shows the Court as follows:

## INTRODUCTION

This case turns on one simple fact -- Brandon Conforti did not have permission to operate the Great American van that was insured by Allstate at the time of the Subject Accident.  The undisputed evidence proves that both Carl Conforti and Tina Dukes expressly told Brandon Conforti he could not take the van and Brandon expressly admitted as much in his deposition.  The fact that he later equivocated and made self-contradictory statements does not create an issue of fact sufficient to defeat Allstate's Motion.  Accordingly, Allstate is entitled to judgment as a matter of law that it has no further coverage obligation for the claims asserted in the underlying lawsuit.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Allstate incorporates by reference the Statement of Facts set forth in its original Brief in Support of its Motion for Summary Judgment. Additionally, Allstate notes that Brandon Conforti expressly admitted in his deposition that he did not have permission to operate the van on the date of the Subject Accident. (Doc. 33-3 at 38:16-21.)  When pressed on the issue of whether he believed he had

permission to drive the van on the day of the subject accident, Brandon Conforti responded in the following ways:

> Q: So if I understand correctly then, when you took the work van on the day of the accident, you believed that it was all right with your father to do that, correct? (Doc. 33-3 at 55:18-21.)
> . . . .
> A: Not necessarily. I don't know if it was okay to be honest. (Doc. 33-3 at 55:24-25.)
> . . . .
> Q: Did you think there was anything wrong or improper about actually taking the van that day?
> A: I don't know. (Doc. 33-3 at 57:13-16.)

He admitted that he "remember[ed] nothing about that conversation" with Tina Dukes in which she told him he could not take the van and to leave the warehouse on the day of the accident. (Doc. 33-3 at 27:23-24.) He also admitted that he had "no idea" whether his father told him he could not take the van on the date of the subject accident and had no recollection of speaking with his father. (Doc. 33-3 at 32:23 - 33:5.) Finally, he admitted that his father would not be mistaken if he had testified that Brandon could not have the van on the day of the subject accident. (Doc. 33-3 at 36:1-3.)

ARGUMENT AND CITATION OF AUTHORITIES

I.  Based On The Evidence Presented, No Reasonable Person Could Conclude Brandon Conforti Had Permission to Use The Subject Vehicle.

Allstate is entitled to judgment as a matter of law in this case because no reasonable person could conclude that Brandon Conforti had permission to use the van on the date of the Subject Accident. Defendant Siniard contends that this Court "must ignore the testimony of Carl Conforti and [Tina] Dukes where it is contradicted by Brandon Conforti and must accept as true the testimony of Brandon Conforti." (Doc. 38 at 8.) However, she cites to no legal authority in support of this contention, presumably because this is a misstatement of the law as applied to the facts of this case.

In truth, this Court cannot ignore the testimony of Carl Conforti or Tina Dukes for two reasons. First, there is no actual conflict between their testimony and that of Brandon Conforti. The evidence is undisputed that Tina Dukes and Carl Conforti both told Brandon he could not use the van on the day of the subject accident. (Doc. 33-2 at 22:11-18 and 45:1-10; Doc. 33-4, ¶ 2.) Brandon admitted that his father's testimony to this effect would not be mistaken. (Doc. 33-3 at 27:23-24.) He also testified that he "remember[ed] nothing about that conversation" with Tina Dukes and no recollection of speaking with his father on

–4–

the date of the subject accident. (Doc. 33-3 at 32:23 - 33:5 and 36:1-3.)  Finally, Brandon expressly admitted that he did not have permission to use the van. (Doc. 33-3 at 38:16-21.)   Accordingly, there is no conflict between the testimony of Brandon Conforti and that of Carl Conforti or Tina Dukes.

Second, the summary judgment standard only requires this Court to resolve all *reasonable* doubts -- not every conceivable doubt -- in favor of the non-movant. *Jones v. UPS Ground Freight,* 683 F.3d 1283, 1296 (11th Cir. 2012), citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 (11th Cir.1988) ("The summary judgment standard requires that we resolve all reasonable doubts in favor of the non-moving party, but it does not require us to resolve all doubts in such a manner.")  As the *Jones* court noted,

> [W]hen we decide whether summary judgment is warranted, we view the evidence in the non-movant's favor, but only to the extent that it would be reasonable for a jury to resolve the factual issues that way.

*Id.,* 683 F.3d at 1296, n.38.

Contrary to Defendant Siniard's contention, this Court is not required to resolve the permissive use issue in her favor because, based upon the evidence presented, there is simply no *reasonable* doubt as to this issue.  Defendant Siniard contends that Brandon reasonably could have believed that he could take the van to

be washed on the day of the accident since he had done so in the past without incident. (Doc. 38 at 27.)  However, this contention ignores Brandon's own testimony to the contrary. (Doc. 33-3 at 55:24-25 ("Not necessarily. I don't know if it was okay [to take the work van on the day of the accident] to be honest.")) When asked whether he thought there was anything wrong with taking the van, Brandon Conforti again answered "I don't know." (Doc. 33-3 at 57:13-16.) Even Brandon himself could not state with any degree of certainty that he reasonably believed he could use the van at the time of the accident. How then could a jury possibly find he had a reasonable belief to do so? As such, there is no reasonable doubt to be resolved in Defendant Siniard's favor and thus no genuine issue as to any material fact in this case. Accordingly, Allstate is entitled to judgment as a matter of law.

II.     <u>Brandon Conforti's Self-Contradictory Testimony Does Not Create An Issue Fact Sufficient To Defeat Allstate's Motion for Summary Judgment.</u>

This Court should grant Allstate's Motion for Summary Judgment because the only shred of "evidence" that Brandon Conforti may have thought he had permission to operate the van at the time of the Subject Accident is his own equivocal, self-contradictory testimony, which must be construed against him.

*Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1986).  Defendant Siniard's arguments to the contrary fail as a matter of law.

    A.    <u>Even In Default, Brandon Conforti Is Still A Party To This Action And Is Constrained By The *Prophecy* Rule.</u>

Defendant Siniard first argues, without citing to any supporting legal authority, that the *Prophecy* rule does not apply to Brandon Conforti because he "is no longer even a party to the declaratory judgment action by virtue of the entry of default."  (Doc. 38 at 10.)  This argument is entirely without merit inasmuch as a party in default remains a party until the case reaches its conclusion.  *See e.g. Cocklereece v. Moran*, 500 F.Supp. 487 (D.C.Ga. 1980) (entry of default judgment as to liability against defendant who had not filed an answer or otherwise appeared in the action was proper, but default judgment against such defendant as to damages would not be entered until conclusion of the action).

    B.    <u>The *Prophecy* Rule Applies To Defendant Conforti's Testimony, Despite The Fact That The Self-Contradictory Testimony Occurred In The Same Deposition.</u>

Defendant Siniard also contends that the *Prophecy* rule is inapplicable here because the self-contradictory testimony occurred "at the same deposition . . . . This is not a situation where Brandon came back later by affidavit or otherwise and tried to change his story."  (Doc. 38 at 11.)  Again, Siniard cites to no legal

–7–

authority that stands for the proposition that in order to construe self-contradictory testimony against a party, the party's statements must occur in separate events or transactions. In fact, Georgia law holds just the opposite. *See O'Neal v. Home Town Bank of Villa Rica*, 237 Ga.App. 325, 326 (1999) (holding that self-contradictory statements would be construed against non-movant at summary judgment stage where non-movant testified inconsistently about terms of agreement during deposition). Accordingly, this argument is also without merit.

    C.    <u>The *Prophecy* Rule Applies To Defendant Conforti's Testimony, Regardless Of Which Party Seeks To Profer Or Rebut The Testimony.</u>

Defendant Siniard next argues that "Allstate could not use the *Prophecy* rule against [her] since the statements were made by Brandon Conforti, who is the same as a non-party in his relationship to Defendant Siniard." (Doc. 38 at 10.) Once again, Siniard cites to no legal authority in support of this argument, and Allstate is aware of none.

Although Defendant Siniard urges this Court to consider Brandon Conforti's deposition testimony as a whole (Doc. 38 at 11), she relies on carefully selected portions of Brandon Conforti's testimony to bolster her contention that a factual issue exists, yet she ignores the contradictory portions of his testimony and seeks to avoid the legal consequence thereof. In effect, Siniard is asking this Court to

grant her all of the purported benefits derived from Conforti's testimony but to shield her from all resulting burdens. This is simply not the law in this jurisdiction. As the Georgia Supreme Court explained,

> [I]f on motion for summary judgment a party offered self-contradictory testimony on the dispositive issue in the case, and the more favorable portion of his testimony was the only evidence of his right to a verdict in his favor, the trial court must construe the contradictory testimony against him. This being so, the opposing party would be entitled to summary judgment. . . .Once the trial court has eliminated the favorable portions of the contradictory testimony, it must take all testimony on motion for summary judgment " *as it then stands,* and construe it in favor of the party opposing the motion in determining whether a summary judgment should be granted.

*Prophecy Corp.*, 257 Ga. at 28 (emphasis in original; internal citations omitted).

In this case, Brandon Conforti unequivocally testified that he did not have permission to use the Vehicle. (Doc. 33-3 at 38:16-21.) Later in his deposition, however, Brandon Conforti contradicted himself by stating that he thought he had permission to take the Vehicle on the date of the accident to have it washed because he had done so on previous occasions. (Doc. 33-3 at 100:20-101:4.) Because this is the only evidence of the right to a verdict in favor of any of the Defendants and because Conforti's statements are self-contradictory, they must be strongly construed against him. *Prophecy Corp.,* 256 Ga. at 28. As such, they do not create a genuine issue as to any material fact in this case. *Id.*

There is no legal authority to support a contention that the *Prophecy* rule should not apply in this case simply because Siniard is the party relying on this evidence. Certainly, nothing in the *Prophecy* case limits the holding in such a manner. While the *Prophecy* rule does not extend to non-party witnesses, both Siniard and Conforti are parties to this case. Because Siniard relies exclusively on Conforti's deposition testimony to attempt to create an issue of fact, she must also shoulder the legal consequences of his self-contradictory testimony.

Brandon Conforti admitted that he did not have permission to use the Vehicle on the date of the accident. The only evidence to the contrary is his equivocal, self-contradictory testimony, which is not sufficient to create a genuine issue of fact. *Prophecy*, 256 Ga. at 28. Accordingly, Allstate is entitled to judgment as a matter of law in this case.

> D. <u>The *Prophecy* Rule Applies To Defendant Conforti's Testimony Because There Is No Reasonable Explanation For The Contradiction.</u>

Finally, Defendant Siniard argues that the *Prophecy* rule should not apply in this case because "there is a good explanation for the different testimony." (Doc. 38 at 12.) Allstate concedes that pursuant to the *Prophecy* rule, self-contradictory testimony will not be construed against the non-movant if there is a reasonable explanation for the contradiction. *Id.,* 256 Ga. at 28. Whether the explanation is

reasonable is a question of law for the trial to resolve. *Bithoney v. Fulton-DeKalb Hosp. Authority*, 313 Ga.App. 335, 342 (2011); *Nghiem v. Allstate Ins. Co.*, 292 Ga.App. 588 (2008).

Siniard infers that "Brandon only testified that he did not have 'permission' to drive the van with the understanding that the term 'permission' meant a direct order to take the van from his father." (Doc. 38 at 22.) However, Brandon Conforti never articulated that distinction or attempted to explain his inconsistent testimony in that manner, though he had ample opportunity to do so. *See Pinckney v. Covington Athletic Club and Fitness Center*, 288 Ga.App. 891, 892 (2007) (holding that where non-movant had ample opportunity to fully explain deposition testimony but failed to do so, her explanation for inconsistent testimony was unreasonable as matter of law).

Instead, Brandon expressly admitted that he did not have permission to take the van on the day of the subject accident (Doc. 33-3 at 38:20-21). Siniard's counsel attempted to elicit an explanation from Brandon when he asked "And when you took the van, the work van, you believed you had permission to use the hide-a-key and take it, right?" to which Brandon responded, "Not necessarily. I was never told I could or couldn't use it to be honest with you." (Doc 33-3 at 54:7-

–11–

14.)  Subsequent attempts by Siniard's counsel to further clarify the issue were met with the same equivocal responses.  (Doc. 33-3 at 55:20-25 and 57:13-16.)

If Brandon Conforti had actually testified that he misunderstood the term or scope of "permission," then Siniard's proposed explanation conceivably could have been reasonable.  That is not what happened, and Siniard's belated attempts to infer an explanation for Brandon Conforti's inconsistent testimony are insufficient to create a genuine issue of fact in this case, especially since Brandon himself never proffered such an explanation despite having ample opportunity to do so. *Pinckney*, 288 Ga.App. at 892.

## Conclusion

WHEREFORE Allstate respectfully requests that this Court enter an Order granting its Motion for Summary Judgment and finding that it has no duty to provide coverage, indemnification or a defense as to Brandon Conforti with respect to the claims asserted against him in the Underlying Lawsuit.

Respectfully submitted, this 8th day of November, 2012.

[*Signature Appears on Next Page*]

                         CARLOCK, COPELAND & STAIR, LLP

By:    /s/ Erica L. Parsons
        FRED M. VALZ, III
        State Bar No.: 723379
        fvalz@carlockcopeland.com
        ERICA L. PARSONS
        State Bar No.: 100152
        eparsons@carlockcopeland.com

        *Attorneys for Plaintiff Allstate Insurance Company*

191 Peachtree St.
Suite 3600
Atlanta, GA  30303-1740
404-522-8220
   ..........
P.O. Box 56887
Atlanta, GA 30343-0887

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that the foregoing brief has been prepared using Times New Roman font, 14-point size as approved by the Court in LR 5.1B.

                                        CARLOCK, COPELAND & STAIR, LLP

                                        By:   /s/ Erica L. Parsons
                                                  FRED M. VALZ, III
                                                  State Bar No.: 723379
                                                  fvalz@carlockcopeland.com
                                                  ERICA L. PARSONS
                                                  State Bar No.: 100152
                                                  eparsons@carlockcopeland.com

                                                  *Attorneys for Plaintiff Allstate Insurance Company*

191 Peachtree St.
Suite 3600
Atlanta, GA  30303-1740
404-522-8220
   ..........
P.O. Box 56887
Atlanta, GA 30343-0887

## CERTIFICATE OF SERVICE

  I hereby certify that on November 8th, 2012, I electronically filed the within and foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record and that I have mailed a hard copy to Mr. Brandon Conforti at the below address:

Christopher J. Adams, Esq.
1355 Peachtree Street
The Peachtree, Suite 1000
Atlanta, Georgia 30309

John G. Walrath, Esq.
4568 Highway 29, Suite 122
Lilburn, Georgia 30047

Michael Goldberg, Esq.
3560 Lenox Road, NE
Atlanta, Georgia 30326

R. Chris Harrison, Esq.
Downey & Cleveland, LLP
288 Washington Avenue
Marietta, Georgia 30060

Craig Avery, Esq.
Cowsert & Avery, LLP
2405 West Broad Street, Suite 250
Athens, Georgia 30606

  and that I have served a copy of the within and foregoing pleading upon the party listed below by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Mr. Brandon Conforti
GDC# 0001111518
Mt. Zion Church Rd
P.O. Box 648
Pelham, Georgia 31779

[*Signature appears on the following page*]

                                              CARLOCK, COPELAND & STAIR, LLP

By:   /s/ Erica L. Parsons
      FRED M. VALZ, III
      State Bar No.: 723379
      fvalz@carlockcopeland.com
      ERICA L. PARSONS
      State Bar No.: 100152
      eparsons@carlockcopeland.com

*Attorneys for Plaintiff Allstate Insurance Company*

191 Peachtree St.
Suite 3600
Atlanta, GA  30303-1740
404-522-8220
    ..........
P.O. Box 56887
Atlanta, GA 30343-0887

4028345v.1